MISSISSIPPI-LOUISIANA SYRUP CO., INC., v. RUSSELL SUGAR CO., INC.

---

(October 21, 1929. Opinion and Decree.)

---

Hubert M. Ansley, of New Orleans, attorney for plaintiff and appellant.

Geo. P. Eberle, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Defendant on January 28, 1925, by written contract, sold to Mississippi Cane Syrup Company 485 bags of washed raw sugar.

The purchaser, for the reasons we shall later set forth, refused to accept the sugar and brought this suit for the return of the amount paid on account.

The contract provided that defendant should hold the sugar in its warehouse for not more than 60 days, subject to the orders of the purchaser, and the purchaser paid to defendant a sufficient sum to protect it against a drop in the market price. The balance of the purchase price was to be paid as the sugar was withdrawn from defendant's warehouse.

At the time of the sale samples of the sugar were given to the purchaser and other samples were taken at different times during the next four months.

During the early part of April, after the lapse of more than 60 days, defendant called on the purchaser to remove the sugar and to pay therefor and called attention to the fact that the sugar market was falling disastrously.

On April 8th the purchaser wrote to defendant, promising to remove and pay for the sugar shortly thereafter.

Subsequently, at various times, the purchaser was called upon in like manner, and on each occasion, to-wit, April 16th, April 23rd, April 28th, and May 21st, similar letters, asking for more time, were written. In none of these letters was complaint made about the quality of the sugar.

Finally, on July 6, 1925, more than five months after the date of the contract, a letter was written by the purchaser, charging that the sugar sold was not "Cypremort Washed Raw," but was "Ninety-six Test Raw," and an adjustment was demanded.

It appears that, on the request of the purchaser, defendant had on June 15th sold the sugar at the market price, but, as the market had dropped, there was a net loss of $199.40 over and above the amount deposited on account, and for this sum defendant has reconvened.

It seems very evident that the drop in the market value was largely responsible for the refusal to take the sugar. Whether there is a substantial difference in value between "Cypremort Washed Raw" sugar which the purchaser claims it bought, and "Ninety-six Test Raw" sugar which it

522

claimed it received, is of no great importance in view of the fact that the sale was made on sample, and that other samples were, from time to time, taken.

It is quite significant that during five months no complaint was made, and we find it difficult to reconcile the various letters to which we have referred with the present claim that the sugar intended to be purchased was different in quality from that actually received. Certain it is that there was no semblance of fraud, as there could not well be where the purchaser had every opportunity to inspect and, in fact, actually inspected on several occasions.

The original purchaser, Mississippi Cane Syrup Company, has sold all of its assets, including this claim, to the present plaintiff, Mississippi-Louisiana Syrup Company, Inc.

The trial court rendered judgment in favor of the defendant on the main demand and in favor of plaintiff in reconvention as prayed for in the reconventional demand, and we think that that judgment was correct.

Appellee has answered the appeal and asks for damages for frivolous appeal. We do not believe that these damages should be awarded in this case.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.